UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOAN BIENVENUE,

    Plaintiff,

v.                                            Lt. Case No.: 13-03563

WAL-MART STORES EAST, LP,

    Defendant.
_____/

## NOTICE OF REMOVAL

DEFENDANT, WAL-MART STORES EAST, L.P. ("WAL-MART"), by and through its undersigned attorney, pursuant to 28 U.S.C. §1446(a) hereby files this Notice of Removal from the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida, based on diversity jurisdiction as set forth in 28 U.S.C. §1332(a), and in support thereof states:

1.    Wal-Mart is a foreign corporation, which for the purposes of diversity jurisdiction under 28 U.S.C. 1332(c)(1) was at the time the above captioned action was filed in State Court a "resident" of Bentonville, Arkansas and remains a resident of Bentonville, Arkansas as of the date of this Notice of Removal.

2.    Plaintiff alleges in his Complaint that he is a resident of Florida.

3.    Wal-Mart is a foreign corporation whose state of incorporation is Arkansas and who maintains its principle place of business in Bentonville, Arkansas.

4.    The Plaintiff seeks money damages for alleged personal injuries that exceed $75,000.00. Wal-Mart specifically denies the Plaintiff's entitlement to said damages.

5. Copies of all Pleadings filed in the State Court matter to be removed are hereby attached hereto as composite Exhibit "A."

6. Pursuant to 28 U.S.C. § 1446(b) a defendant may remove a case within thirty days following receipt of "an amended pleading, motion, order or other paper" rendering the action removable.

7. Requests for Admissions qualify as an "other paper" when rendering an action removable to Federal Court. *Wilson v. Gen. Motors Corp.*, 888 F.2d 779, 780 (11th Cir.1989); see also *Lowery v. Alabama Power*, 483 F.3d 1184, n.62 (11th Cir. 2007).

8. A removing defendant bears the burden of proving that federal jurisdiction exists by presenting documents that "contain an unambiguous statement that clearly establishes federal jurisdiction." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1218.

9. The Plaintiff's admission through their Response to Defendant's Request for Admissions was a clear and unambiguous statement that clearly established that the amount in controversy exceeded $75,000.

10. Therefore, would ask the Court to accept the Plaintiff's Response to Defendant's Request for Admissions as sufficient evidence of the amount in controversy and would respectfully request removal of this case to Federal Court

## MEMORANDUM OF LAW

Pursuant to 28 U.S.C. § 1446(b), an action must be removed within thirty days after the receipt by a defendant of an initial pleading if the case stated in the initial pleading is removable. However, if the case stated in the initial pleading is not removable, a defendant may remove a case within thirty days following receipt of "an amended pleading, motion, order or other paper" rendering the action removable. *Id.* The court in *Lowery v. Alabama Power*, 483 F.3d 1184 (11th

Cir. 2007), held that "other paper," has been developed judicially. "Courts have not articulated a single test for identifying 'other paper,' but numerous types of documents have been held to qualify. They include responses to requests for admission, *Wilson v. Gen. Motors Corp.*, 888 F.2d 779, 780 (11th Cir.1989)" *Lowery* 483 F.3d 1184, n. 62. Therefore, under 28 U.S.C. § 1446(b) and according to the Court in *Lowry and Wilson*, a Request for Admission should be considered an "other paper" when considering removal to federal court. *Id.* at n. 62. See Also *K Mart Corp. v. Fernandez*, 623 So.2d 846 (2d DCA 1993); *Steele v. Underwriters Adjusting Co., Inc.*, 649 F.Supp. 1414 (M.D.Ala.1986); *Bonnell v. Seaboard Air Line Railroad Co.*, 202 F.Supp. 53 (N.D.Fla.1962) (suggesting request for admissions is a proper method to ascertain the amount in controversy for removal purposes).

A removing defendant bears the burden of proving that federal jurisdiction exists. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir.2001). In doing so the defendant must present documents that "contain an unambiguous statement that clearly establishes federal jurisdiction." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1218.

The Defendant submits that a Request for Admissions, where the Plaintiff has admitted that the amount in controversy exceeds $75,000, cannot be more unambiguous or facially apparent. This matter is distinguishable from *Lowry*. In that matter the Court ruled that if the pleading relied on unspecified damages, the party seeking removal would have to provide further factual evidence of the amount in controversy. *Id.* at 1211. However, in the present matter, the Plaintiff's responses provided an unambiguous basis for the amount in controversy. When the Court in *Lowry* held that "the defendant is not excused from the duty to show by fact, and not mere conclusory allegation, that federal jurisdiction exists," *id* at 1217, it was considering a situation in which the defense relied solely on the plaintiff's amended complaint that sought

"compensatory and punitive damages in an amount... in excess of the Court's minimum jurisdictional limit." *Id.* at 1188. The present matter is also distinguishable from the case of *Thibodeaux v. Paccar*, Inc., 592 F. Supp. 2d 1377, 1379 n.1 (M.D. Ala. 2009). In *Thibodeaux,* the defendants were attempting to prove an amount in controversy by relying upon jury verdicts in similar cases, as well as the plaintiff's refusal of a settlement demand which exceeded 75,000. *Id.* at 1380. The defendants in *Lowry* or *Thibodeaux* did not provide the court with any specific or unambiguous paper or pleading that would have assisted the court in determining the amount in controversy.

In the case at bar, the Plaintiff's Response to the Defendant's Request for Admissions is an "other paper" under 28 U.S.C. § 1446(b) and contains a direct and unambiguous statement confirming that the amount in controversy exceeds $75,000. Once a defendant receives a paper that admits both diversity and an amount in controversy over $75,000 that defendant is required to file for removal to Federal Court within thirty (30) days. Requiring the defendant to seek further evidence from the plaintiff concerning the amount in controversy would ultimately prejudice the defendant who is being held to strict time limitations.

Therefore, the Defendant respectfully requests the court to find that the Plaintiff's Response to Request for Admissions is a proper method for determining the amount in controversy for removal purposes and accept jurisdiction entitled Joan Bienvenue v. Wal-Mart Stores East, LP, from the Sixth Judicial Circuit, in and for Pinellas County, Florida to the United States District Court for the Middle District of Florida, Tampa, Division.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via electronic mail to Justin Pimenta, Esq., service@uiterwyklaw.com on May 16, 2013.

_/s/ Andrew S. Bolin_

**Andrew S. Bolin, Esquire**
Florida Bar No. 0569097
**Trina M. Sams, Esquire**
Florida Bar No. 091640
Beytin, McLaughlin, McLaughlin, O'Hara & Bolin
Post Office Box 1772
Tampa, Florida 33601-1772
Telephone: (813) 226-3000
Facsimile: (813) 226-3001
Counsel for Defendant, Wal-Mart