```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                    TAMPA DIVISION
```

JOAN BIENVENUE,

        Plaintiff,

v.                               Case No.  8:13-cv-1331-T-33TGW

WAL-MART STORES, EAST, LP,

        Defendant.
_____/

**ORDER**

Wal-Mart removed this slip-and-fall case on May 17, 2013, asserting that the requirements for this Court's exercise of diversity of citizenship jurisdiction have been satisfied. As discussed below, the Court *sua sponte* determines that it lacks subject matter jurisdiction over this action and remands this case to state court.

**I.   Background**

On June 24, 2012, Bienvenue "slipped and fell on a foreign substance" at a Wal-Mart store located in Pinellas County, Florida. (Doc. # 2 at ¶¶ 3, 5). Bienvenue filed a negligence action against Wal-Mart in state court on March 27, 2013, seeking "damages which exceed the sum of fifteen thousand ($15,000.00) dollars." (Id. at ¶ 1). Wal-Mart removed the action to this Court on May 17, 2013, on the basis of the Court's diversity jurisdiction. (Doc. # 1). In the

Notice of Removal, Wal-Mart states in a conclusory manner that the amount in controversy is satisfied because, in response to Requests for Admissions, Bienvenue admitted that she is seeking damages in excess of $75,000.00. (Id.).

## II. Subject Matter Jurisdiction

Before delving into the merits of any case, this Court must determine "whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). Indeed, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). "Without jurisdiction the court cannot proceed at all in any cause." Id.

In removed cases, 28 U.S.C. § 1447(c) specifies, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Removal statutes are strictly construed against removal. Shamrock Oil & Gas Co. v. Sheets, 313 U.S. 100, 108 (1941). Any doubt as to propriety of removal should be resolved in favor of remand to state court. Butler v. Polk,

2

592 F.2d 1293, 1296 (5th Cir. 1979).[1]

### III. **Analysis**

Here, Wal-Mart removed this action under 28 U.S.C. § 1446(b)(3), which governs removal after receipt from the plaintiff of an "other paper" demonstrating the existence of federal jurisdiction. A defendant removing under this prong of § 1446 cannot establish the existence of federal jurisdiction without providing facts. Lowery v. Ala. Power, 483 F.3d 1184, 1215 (11th Cir. 2007). Labels and unsupported legal conclusions will not carry the day. Williams v. Best Buy, 269 F.3d 1316, 1319-20 (11th Cir. 2001).

As was the case in Parrish v. Sears, Roebuck and Co., No. 8:10-cv-1684-T-23MAP, 2010 U.S. Dist. LEXIS 89481 (M.D. Fla. July 30, 2010), Wal-Mart attempts to establish that the amount in controversy exceeds the threshold amount of $75,000.00 based on the Bienvenue's response to a request for admission. In Parrish, also a slip and fall case, the court remanded and explained:

> [N]either the notice of removal nor the complaint provide any underlying fact supporting the conclusion that the plaintiff suffered damages in

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the Fifth Circuit Court of Appeals prior to the close of business on September 30, 1981, as binding precedent.

> excess of the jurisdictional amount. The sole evidence of the jurisdictional amount is an unsupported and speculative response to a request for admissions. Although the admission qualifies as an "other paper" under 28 U.S.C. § 1446(b) and activates the thirty-day removal limitation, the admission, which is a mere conclusion, (1) provides no factual basis to support the jurisdictional amount (that is, provides no basis for the damages claimed) and (2) fails to relieve the removing party of the obligation to establish facts supporting the existence of federal jurisdiction.

Id. at *3-4.

This Court likewise determines that Bienvenue's generic admission "that Plaintiff is alleging damages in excess of $75,000.00." (Doc. # 1-3 at 8) does not satisfy Wal-Mart's burden. Bienvenue's admission does nothing more than state a legal conclusion and enjoys no factual support in the Notice of Removal or the Amended Complaint. See 14AA Wright & Miller, *Federal Practice and Procedure* § 3702 (2011)("[T]he plaintiff and the defendant are not free simply to agree that the jurisdictional amount requirement has been satisfied."); see also MacDonald v. Circle K Stores, Inc., No. 6:08-cv-1825-Orl-22DAB, 2009 U.S. Dist. LEXIS 3117 (M.D. Fla. Jan. 16, 2009)(remanding slip and fall action that was removed based solely on the plaintiff's admission that she was seeking damages in excess of $75,000.00).

4

The Court determines that the jurisdictional requirement that the amount in controversy exceed $75,000.00 remains unestablished. Furthermore, Bienvenue's unspecific allegation that she suffered an injury "in and about her body and extremities" with resultant pain, medical expense, loss of earning, loss of the enjoyment of life, and other vague assertions do not convince the Court that the jurisdictional requirements have been met. As the court explained in Truman v. Larkin, No. 8:12-cv-2264-T-23EAJ, 2012 U.S. Dist. LEXIS 156121, at *2 (M.D. Fla. Oct. 31, 2012), "[T]hese categorical assertions of loss inhere in almost every tort complaint, convey no *fact*, and certainly establish no amount in controversy." (citing Miedema v. Maytag Corp., 450 F.3d 1322, 1330 (11th Cir. 2006)(emphasis in original)). Wal-Mart's failure to establish the jurisdictional amount in controversy warrants an Order of Remand.[2]

---

[2] It should also be noted that Wal-Mart failed to provide information concerning Bienvenue's citizenship despite being given an opportunity to cure its deficient jurisdictional allegations. The Court explained in an Order dated May 21, 2013: "Neither the Notice of Removal nor the Amended Complaint provide adequate information concerning the citizenship of the parties.  Residency is not the same as 'citizenship' for either party." (Doc. # 7).  Wal-Mart submitted further information regarding its citizenship (Doc. # 10), but did not provide any information concerning Bienvenue's citizenship. This failure provides another basis for the remand of this case.

Thus, this matter is remanded under 28 U.S.C. § 1447(c) for failure to invoke federal subject matter jurisdiction.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Pursuant to 28 U.S.C. § 1447(c), this action is remanded to state court for lack of subject matter jurisdiction.

(2) After remand has been effected, the Clerk shall terminate all pending motions and close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 18th day of June, 2013.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record